

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 10, 2020

**BY ELECTRONIC MAIL**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    **United States v. Lixander Morales,**
             **09 Cr. 962 (PAE)**

Dear Judge Engelmayer:

      The parties write jointly to bring to the Court's attention a problem that has arisen regarding the implementation of the Court's sentence in this case. As set forth below, at the time of sentencing, the parties were unaware that Lixander Morales was subject to an undischarged state sentence that is precluding him from being transferred to a residential re-entry program and could result in Morales's being incarcerated for more than a year longer than this Court or the state court anticipated.

      Assuming the Court agrees with the parties regarding the intent of sentencing courts, the parties propose that the Court treat this letter as a motion to vacate Morales's convictions under Counts Two and Five of the Superseding Information, pursuant to 28 U.S.C. § 2255 and *United States v. Davis*, 139 S. Ct. 2319 (2019), and to schedule a resentencing as soon as possible on the remaining counts.  On resentencing, the parties will request that the Court impose the same sentence it imposed at the original sentencing on May 30, 2018, with the modification that the Court state explicitly, and indicate in the judgment, that it intends the federal term of imprisonment to run concurrently with the sentence imposed in *People v. Morales*, Ind. No. 2055/2009 (NY Sup. Ct.).

---

      By way of background, on April 24, 2009, Morales was arrested by the New York City Police Department and charged with grand larceny in the fourth degree for attempting to steal a cellular telephone from a woman's handbag inside of a subway station at West 125th Street.  He was subsequently charged under indictment number 2055-2009 (the "Grand Larceny Case"). Morales was released on bail during the pendency of the Grand Larceny Case.

Subsequently, on July 17, 2009, while Morales was still on bail in the Grand Larceny Case, the FBI arrested Morales in connection with this federal prosecution. Morales began proffering with the Government on August 13, 2009. He met with the Government frequently throughout 2009, and by January 19, 2010, it was clear that he would be pleading guilty in this case pursuant to a cooperation agreement.

On June 22, 2010, Morales was transferred from federal custody to state custody for one day pursuant to a writ of habeas corpus ad prosequendum. He appeared in New York Supreme Court for New York County and pled guilty to grand larceny in the fourth degree pursuant to an agreement with the People that stipulated a recommended sentence of 18 months to three years' imprisonment. As reflected in the plea transcript, which is attached as Exhibit A to this letter, during the plea, the parties and the court discussed whether the sentence would run concurrently or consecutively to the anticipated federal sentence in this case. The parties represented that the plea offer was "one-and-a-half to three concurrent" with the federal sentence. 6/22/10 Tr. at 2. When the court inquired whether the defendant had already pled guilty in this case, defense counsel indicated that he had not, but "most likely" would. *Id.* The court indicated that it could not promise concurrent time, because the federal court would likely sentence Morales after the state court did. Defense counsel represented that Morales understood this, but asked that the court place on the record that it intended for the state sentence to run concurrently. *Id.* Although the judge declined to indicate how he thought the federal sentence should be applied, he did state that he would sentence Morales to concurrent time if Morales were sentenced in state court *after* he was sentenced in federal court. *Id.* at 3. The judge also noted that it was "okay with [him] if the sentence runs concurrent with the federal time" and noted that the People's offer contemplated concurrent sentences. *Id.*

On July 27, 2010, Morales appeared again in state court and was sentenced to one and a half to three years' imprisonment with the People and the defense relying on the promised sentence. There was no further discussion of how the sentence would be imposed vis-à-vis the anticipated federal sentence. *See* Exhibit B (July 27, 2010 Tr.) at 2. After the sentencing, Morales was returned to federal custody.

On April 17, 2013, Morales pleaded guilty in this case, pursuant to a cooperation agreement to a seven-count Superseding Information, which charged him with: (1) participating in a robbery and extortion conspiracy from 2001 to 2005 (relating to his conduct with Hector Rivera), in violation of 18 U.S.C. § 1951; (2) using, carrying, and discharging firearms during and in relation to the robbery and extortion conspiracy charged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; (3) murder for hire (in connection with the murder of Eduard Nektalov), in violation of Title 18, United States Code, Section 1958; (4) participating in a robbery conspiracy in or about July 2009 (relating to the original charges); in violation of 18 U.S.C. § 1951; (5) using, and carrying firearms during and in relation to the robbery conspiracy charged in Count Four, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(C)(i), and 2; (6) participating in a conspiracy to distribute and possesses with intent to distribute heroin, from in or about 2008 through in or about July 2009, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846; (7) possessing and obtaining contraband in federal prison, in violation of 18 U.S.C. §§ 1791 and 2.

On May 30, 2018, this Court sentenced Morales to 168 months' imprisonment following the Government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. At the time of the sentencing, the parties did not raise the issue of the Grand Larceny Case, because they believed the state court's sentence of eighteen months to three years had been long-since discharged. In fact, the parties recently learned, Morales has not yet accrued any time on the sentence imposed in the Grand Larceny Case, because he was bailed in that case and has been a federal prisoner since his arrest in this one. Accordingly, absent the Court's intervention, when Morales's federal sentence concludes on or about October 20, 2021, he will be transferred to New York State custody and begin serving his sentence on the Grand Larceny case. In the interim, because the undischarged sentence in the Grand Larceny Case acts as a detainer, Morales is ineligible for benefits that he might otherwise receive at this point in his federal sentence, including transfer to a halfway house. The parties do not believe that this was the Court's intent when it imposed sentence. If the Court agrees, we propose the solution outlined below.

---

As the Court is aware, in *United States v. Davis*, the Supreme Court held that Section 924(c)(3)(B)'s risk-of-force clause was unconstitutionally vague. Following *Davis*, the Second Circuit concluded that because *Davis* struck down Section 924(c)(3)(B)'s risk-of-force clause, it also abrogated the Circuit's earlier holding that a conspiracy to commit an offense that is a crime of violence under Section 924(c)(3)(A)'s force clause is itself categorically a crime of violence under 924(c)(3)(B). *See United States v. Barrett*, No. 14-2641-cr, 2019 WL 4121728, at *1 (2d Cir. Aug. 30, 2019) ("*Barrett II*") ("We are obliged to vacate Barrett's Count Two conviction because *Davis* precludes us from concluding, as we did in our original opinion, that *Barrett*'s Hobbs Act robbery conspiracy crime qualifies as a § 924(c) crime of violence.").

In light of *Davis* and *Barrett II*, the parties believe Morales's convictions on Counts Two and Five are infirm. The parties recognize that the Court imposed a sentence in this case that was well below the Guidelines range and the otherwise applicable statutory minimums. While the parties do not request that the Court modify the terms of the sentence it imposed, vacatur of Morales's convictions on Counts Two and Five and resentencing on the remaining counts would provide a vehicle, consistent with Rule 35, for the Court to specify in the amended judgment that the federal sentence should run concurrently with the undischarged state sentence. The Government has confirmed with legal counsel for New York State Department of Corrections and Community

Supervision ("DOCCS") that, if this modification is made, DOCCS will recalculate Morales's state sentence, "max him out," and lift the detainer.

                                      Respectfully submitted,

                                      AUDREY STRAUSS
                                      Acting United States Attorney

                        By: ___/s/_____
                                Scott Hartman
                                Jordan Estes
                                Assistant United States Attorneys
                                (212) 637-2357

cc: Lloyd Epstein, Esq., *Counsel to Lixander Morales* (by ECF)