L29PMORS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                      09 CR 962-02 (PAE)
                              Telephonic Re-Sentence

LIXANDER MORALES,

          Defendant.

------------------------------x

                             New York, N.Y.
                             February 9, 2021
                             11:01 a.m.

Before:

              HON. PAUL A. ENGELMAYER,

                             District Judge

                APPEARANCES VIA TELEPHONE

AUDREY STRAUSS,
    United States Attorney for the
    Southern District of New York
SCOTT A. HARTMAN
    Assistant United States Attorney

EPSTEIN AND WEIL
    Attorney for Defendant
BY:  JUDITH H. WEIL

L29PMORS

1              (The Court and all parties appearing telephonically)

2              THE COURT:  Good morning.  This is Judge Engelmayer.

3    Let me begin by asking my deputy if all counsel, the defendant

4    and the court reporter are on the line?

5              THE DEPUTY CLERK:  Good morning, Judge.  That's

6    correct.  All are present.  Ms. Rose Prater is our reporter

7    again.

8              THE COURT:  Very good.  Then let me begin by calling

9    the case.  This is United States v. Morales, docket number

10   09 CR 962.  Who do I have for the government?

11             MR. HARTMAN:  Good morning, your Honor.  Scott Hartman

12   for the government.

13             THE COURT:  Very good.  And, Mr. Hartman, is Ms. Estes

14   joining you as well?

15             MR. HARTMAN:  As far as I know, she's not, your Honor.

16             THE COURT:  Okay.  And who do I have for the

17   defendant, Mr. Morales?

18             MS. WEIL:  Judith Weil, your Honor, for Lloyd

19   Epstein --

20             THE COURT:  Very good.

21             MS. WEIL:  -- and, Mr. Morales.

22             THE COURT:  Good morning, Ms. Weil.  Will you please

23   pass along my best wishes to Mr. Epstein, who is very much in

24   my thoughts.

25             MS. WEIL:  My pleasure.  Thank you, your Honor.

L29PMORS

| | |
|---|---|
| 1 | THE COURT:  Mr. Morales, are you on the line? |
| 2 | THE DEFENDANT:  Yes, sir.  I'm on the line. |
| 3 | THE COURT:  All right.  Good morning to you. |
| 4 | THE DEFENDANT:  Good morning to you, too, sir. |
| 5 | THE COURT:  And is our court reporter, Ms. Prater, on |
| 6 | the line? |
| 7 | THE REPORTER:  Yes, your Honor.  I'm sorry, I was on |
| 8 | mute.  I'm here. |
| 9 | THE COURT:  Okay.  Very good.  Thank you for your |
| 10 | service. |
| 11 | All right.  We are here today based on the joint |
| 12 | application that the parties have brought with respect to the |
| 13 | resentencing of Mr. Morales.  The request is set out at the |
| 14 | government's letter of December 10th, which is docketed at 76 |
| 15 | on the docket of this case. |
| 16 | I am amenable to what the parties have recommended and |
| 17 | will get to all that in a bit, but before we do, there are two |
| 18 | preliminary procedural matters that I need to take care of. |
| 19 | The first involves the fact that this proceeding, which is |
| 20 | formally a resentencing, is being done remotely; therefore, I |
| 21 | need to undertake a brief examination of counsel and the |
| 22 | defendant, consistent with the CARES Act. |
| 23 | So here goes.  Counsel have heard this before.  We're |
| 24 | in the midst of the Covid 19 pandemic.  I'm conducting this |
| 25 | proceeding pursuant to the authority provided by section 15002 |

L29PMORS

1  of the CARES Act and the standing orders issued by our chief

2  judge pursuant to that act.

3          Counsel and the defendant and the court are all

4  participating telephonically.  Nobody is participating in

5  person.  I will ask everybody, please, to refrain from

6  interrupting unless you cannot hear what is being said and need

7  to get my attention.  In which case, I authorize you, of

8  course, to do so.  If you need to speak up, please always

9  begin, preface your remarks with your name so that the court

10  reporter can hear what you're saying.

11          I understand that the defendant cannot participate in

12  person in the usual way today -- that is, by being physically

13  present in the courtroom -- given all the restrictions on

14  in-person proceedings that have been imposed because of Covid

15  and the restrictions on prisoner movement that have been

16  imposed because of Covid.  In particular, I also understand

17  that Mr. Morales is participating from Florida.

18          Ms. Weil, is all that correct?

19          MS. WEIL:  Yes, your Honor.  I believe it is.

20          THE COURT:  Is it correct that Mr. Morales, as a

21  practical matter, cannot participate in this proceeding in

22  person even were we to try, and that to do so would create,

23  even if permitted, adverse risk to the health of the trial

24  participants?

25          MS. WEIL:  That is my belief, your Honor.

L29PMORS

1          THE COURT:  All right.  And, government, do you agree?

2          MR. HARTMAN:  Yes, your Honor, and I can speak to that

3     a little bit.  I spoke with folks at the facility in Florida

4     and was told that even the prospect of doing video for this

5     proceeding would have been difficult, due to the pandemic

6     restrictions that are in place at the facility and the need to

7     limit prisoner movements.

8          And I can tell you, from personal experience, that

9     with respect to requests for production, given the pandemic

10    restrictions, those are taking months and months.  And as I

11    think the Court will get to, there was a feeling that this

12    proceeding needed to take place expeditiously.  And so having

13    Mr. Morales in person would have delayed that unnecessarily.

14         THE COURT:  All right.  Thank you.  That's a helpful

15    summary to put on the record.

16         I find, with counsel, that conducting this proceeding

17    in person in court is not reasonably available.  I find that

18    the teleconferencing mechanism is reasonably available, and I

19    find that Mr. Morales is able to participate by

20    teleconferencing means.

21         Now, Ms. Weil, I need to make sure that your client is

22    aware, nonetheless, that he has a right to have this person

23    occur in person, even though, as Mr. Hartman says, it might be

24    considerably delayed.  Have you discussed with your client that

25    he has a right to take place in court, with you by his side and

L29PMORS

1    with everyone else in court, the usual way?

2              MS. WEIL:  Yes, your Honor.  Mr. Morales is very happy

3    to have this go forward faster and to do so remotely.

4              THE COURT:  But are you confident that he understands

5    that he has a right to have this proceed in person?

6              THE DEFENDANT:  Yes, your Honor.

7              MS. WEIL:  Yes, your Honor.  He's aware that he can do

8    it in person and that it would take substantially longer.  And

9    with both of those, that information, he heartily endorses

10   moving forward remotely today.

11             THE COURT:  All right.  Let me confirm that with

12   Mr. Morales.

13             Mr. Morales, do you understand that you have a right

14   to have this resentencing conducted in person, meaning you and

15   your lawyer would be by your side and the Court and everyone

16   else here, we'd all be assembling in person in a courtroom?

17             THE DEFENDANT:  Yes, your Honor.  I understand that I

18   could go to court, but I think because of the virus, we're

19   doing it this way.  That's what I think.

20             THE COURT:  And you consent to doing that?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  And you give up your right to being

23   sentenced with Ms. Weil by your side?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  All right.  Very good.  I find a knowing

L29PMORS

1    and voluntary waiver of the defendant's right to be present in

2    person for the sentencing.  I also am aware, from the

3    communications my deputy has had with the parties, that it was

4    not realistic in this circumstance to get a written waiver in

5    advance, of Mr. Morales' right to be present for the

6    sentencing.

7          Ms. Weil was just appointed, in effect, to substitute

8    or stand in for Mr. Epstein.  The defendant is in Florida.

9    There are a variety of practical reasons why this was not

10   possible.

11         The finding that I need to make is that this

12   resentencing couldn't be delayed without harm to the interest

13   of justice.  The parties' joint letter, authored by the

14   government, dated December 10 and docketed at docket 76,

15   explains well why there is some urgency to getting the

16   resentencing done, given the way in way the present sentencing

17   posture and the confusion about the relationship between the

18   sentence imposed here and a prior state sentence is impairing

19   some of the latitude of prison authorities with respect to

20   Mr. Morales.

21         So I certainly find in this case, more than many, that

22   there is a clearly basis for finding that the proceeding can't

23   be delayed without harm to the interests of justice.

24         Mr. Hartman, do I need to make any further CARES Act

25   findings?

L29PMORS

1          MR. HARTMAN:  Not from the government's perspective,

2     your Honor.

3          THE COURT:  All right.  And Ms. Weil?  Ms. Weil, do

4     you agree?

5          MS. WEIL:  Sorry.  I'm on mute.  I apologize, your

6     Honor.  Yes, I agree.

7          THE COURT:  All right.  The other preliminary matter I

8     need to take up involves the new Federal Rule of Criminal

9     Procedure 5(f).  As the lawyers on the call are aware, in

10    October, the President signed a bill called the Due Process

11    Protection Act.  It puts in place a new rule of criminal

12    procedure 5(f).

13         It requires the Court at an initial conference in the

14    case, both to issue a written order and make an oral order

15    advising the government of its obligations or reminding the

16    government of its obligations under Brady v. Maryland.

17         I treat that rule as applying as well to existing

18    cases like this.  We will be putting up a written order on the

19    docket of the case.  I'm about to issue the oral order, and

20    Mr. Hartman, just be mindful at the end of what I'm about to

21    say, I will ask you to confirm that the prosecution understands

22    its obligations and will fulfill them.

23         All right.  I direct the prosecution to comply with

24    its obligation under Brady v. Maryland, and its progeny, to

25    disclose to the defense all information, whether admissible or

L29PMORS

1    not, that is favorable to the defendant, material either to

2    guilt or to punishment and known to the prosecution.

3          Possible consequences for noncompliance may include

4    dismissal of individual charges or the entire case, the

5    exclusion of evidence, and professional discipline or court

6    sanctions on the attorneys responsible.

7          I have entered, or will be entering, a written order

8    more fully describing this obligation and the possible

9    consequences of failing to meet it.  I direct the prosecution

10   to review and comply with that order.

11         Mr. Hartman, does the prosecution confirm that it

12   understands its obligations and will fulfill them?

13         MR. HARTMAN:  Yes, your Honor.  We do.

14         THE COURT:  Okay.  Then I think we can turn to the

15   business of resentencing, and before we get to that, there's a

16   preliminary issue.  I take it, as a formal matter, the real

17   reason the resentencing is formally needed is that two of the

18   counts to which Mr. Morales pled guilty to long ago have been

19   legally imperiled by the Supreme Court's decision in Davis, and

20   those are the firearms counts.

21         And while they do not make any difference in the

22   bottom-line sentence imposed, which was pursuant to a motion

23   that the government made at sentencing under section 3553, I

24   take it, formally speaking, two of the many counts that

25   Mr. Morales pled to are legally infirm at this point.  Is that

L29PMORS

1    correct, Mr. Hartman?

2          MR. HARTMAN:  Yes, your Honor.  That's Counts Two and

3    Five of the superseding information to which Mr. Morales pled

4    guilty.

5          THE COURT:  Right.  And you are in agreement that

6    those no longer can stand legally because of the later Davis

7    decision?

8          MR. HARTMAN:  Your Honor, I would say that, in this

9    case, that is our position.  There may be some arguments that

10   could be raised, but we are waiving those arguments for these

11   purposes.

12         THE COURT:  And I take it, Ms. Weil, it goes without

13   saying that the defense does not resist the government's

14   application that the Court dismiss, as inconsistent with both

15   Davis and the Second Circuit's ensuing decision in Barrett II,

16   that the Court should needs to vacate the convictions on Counts

17   Two and Five?

18         MS. WEIL:  Correct, your Honor.  We join the

19   government's application.

20         THE COURT:  All right.  Then I will order that the

21   convictions, solely on Counts Two and Five, be vacated.

22         That then requires the Court to reimpose sentence now

23   on the remaining counts, One, Three, Four and Six, which are

24   legally unimpaired.  Let me try it this way.

25         The government is recommending that the Court reimpose

L29PMORS

1    exactly the same sentence as it did before, save that the Court

2    would clarify the relationship, in effect, between the sentence

3    in this case and a sentence in a long-ago grand larceny case

4    that Mr. Morales had in State custody.

5            The reason for the clarification is at the time of

6    sentencing, all concerned thought that that case had been --

7    the sentence had been discharged.  It turns out it had not been

8    and, therefore, the Court needs to undertake an exercise I had

9    no occasion to do beforehand, which is to clarify the

10   relationship between the sentences.  But otherwise, there's no

11   new information anyone wants to bring to my attention in this

12   sentencing.  Is that correct, Mr. Hartman?

13           MR. HARTMAN:  For the government, that's correct, your

14   Honor.

15           THE COURT:  Ms. Weil, is that correct from your

16   perspective?

17           MS. WEIL:  Correct for Mr. Morales also, your Honor.

18           THE COURT:  Okay.  And does everybody agree that the

19   sentencing guidelines, pre-departure, that apply in this case

20   are unchanged by the nicety that the two firearms counts had to

21   be vacated; they don't affect the guidelines calculation here?

22   Government, do you agree with that?

23           MR. HARTMAN:  Yes, your Honor.  Mr. Morales'

24   guidelines were life; so I don't think that's changed by the

25   vacatur of the firearms count.

L29PMORS

| | |
|---|---|
| 1 | THE COURT:  All right.  Very good.  Then what I |
| 2 | propose to do is as follows.  I propose I'll give everybody an |
| 3 | opportunity to be heard, but in the interests of expedition |
| 4 | here, may we incorporate by reference the entirety of the |
| 5 | sentencing transcript from the last time, up through the point |
| 6 | at which I called on each lawyer to speak?  Mr. Hartman? |
| 7 | MR. HARTMAN:  That is fine from the government's |
| 8 | perspective, your Honor. |
| 9 | THE COURT:  All right.  And, Ms. Weil, is that fine |
| 10 | from the defense perspective? |
| 11 | MS. WEIL:  Absolutely. |
| 12 | THE COURT:  I think then the only thing I need to add, |
| 13 | in terms of materials I reviewed, is that in addition to all |
| 14 | the materials I reviewed last time, I've now re-reviewed the |
| 15 | lengthy transcript of the sentencing proceeding, and I've |
| 16 | reviewed the judgment that I imposed, and I've reviewed the |
| 17 | government's letter of December 10th, 2020. |
| 18 | With that, does the government wish to be heard then |
| 19 | with respect to sentencing? |
| 20 | MR. HARTMAN:  Your Honor, I think we would rest on our |
| 21 | December 10th letter.  We're happy to answer any questions that |
| 22 | the Court has. |
| 23 | THE COURT:  What is the form of words that you want me |
| 24 | to use, Mr. Hartman, in the imposition of a sentence, to make |
| 25 | sure that the sentence imposed here is sensitive to the needs |

L29PMORS

1   identified in the December 10th letter?

2               MR. HARTMAN:  Your Honor, my understanding from

3   speaking to representatives of the New York State Department of

4   Correction -- Corrections -- I always mess that up; I can't

5   remember whether it's DOC or DOCs -- is that, in their view, if

6   the Court indicates in the judgment that the term will run

7   concurrently with the sentence imposed in People v. Morales and

8   the citation that's referenced at the second paragraph of the

9   last sentence in our letter of December 10th, that that will

10  suffice for their purposes.

11              THE COURT:  All right.  One second.  So I'm looking at

12  your letter of December 10th and -- very good.  It's the back

13  part of the sentence in the paragraph that begins:  "In light

14  of Davis and Barrett II," you want me to use essentially the

15  language that begins in the clause "for the Court to specify"?

16  Or is there something more?  I just want to make sure --

17              MR. HARTMAN:  I'm sorry.  Yes.  No, no, no.  I was

18  looking at the first page, second paragraph, but I think it may

19  appear again later on, "to run concurrently with the sentence

20  imposed in...."

21              THE COURT:  Yes, okay.  Very good.  I will do that.

22              Okay.  By the way, I misspoke earlier.  There are

23  actually five counts on which the defendant needs to be

24  resentenced.  It's One -- forgive me.  It is One, Three, Four,

25  Six and Seven.  I forgot to mention Seven a moment ago.

L29PMORS

1          All right.  Ms. Weil, do you wish to be heard?

2          MS. WEIL:  No, your Honor.

3          THE COURT:  And, Mr. Morales, is there anything you

4    would like to say?

5          THE DEFENDANT:  I would like to say that I appreciate

6    all y'all coming together to try to resolve this problem, and I

7    don't have nothing to say, just I want my sentence to be

8    correct.

9          THE COURT:  Very good.  Well, we all do.

10         All right.  Then, is there any reason, Mr. Hartman,

11   why sentence should not be imposed?

12         MR. HARTMAN:  No, your Honor.

13         THE COURT:  Any reason, Ms. Weil?

14         MS. WEIL:  None at all.

15         THE COURT:  All right.  I incorporate by reference

16   everything I said at the prior sentencing, and there's no need

17   to revisit that.  The elimination of the firearms counts

18   doesn't change any of the underlying conduct, which is what was

19   influential to the Court in determining the just and reasonable

20   sentence.

21         And, therefore, I will again impose exactly the same

22   sentence as before, with only the following modifications.  I'm

23   again imposing a sentence of 168 months on Counts One, Three,

24   Four and Six, and 60 months on Count Seven.  All those terms to

25   run concurrently.  I'm not, of course, imposing a sentence on

L29PMORS

1    the two dismissed counts.

2           I impose the same terms of supervised release as

3    before.

4           Everything is the same except for these two things.

5    The special assessment now is $500, $100 per count, rather than

6    $700, $100 per count.

7           And I am also going to put in the judgment the words

8    that Mr. Hartman recommends, to wit, that I intend the federal

9    term of imprisonment to run concurrently with the sentence

10   imposed in People v. Morales, indictment No. 2055/2009,

11   New York Supreme Court.

12          All right.  With that, I guess I need to advise

13   Mr. Morales of his right to appeal.

14          Mr. Morales, that is the sentence I have imposed.

15   Improbable as it might seem, I do need to advise you of your

16   appellate rights.  To the extent you haven't given up your

17   right to appeal your conviction and your sentence through your

18   plea of guilty and the plea agreement you entered into with the

19   government in connection with that plea, you have the right to

20   appeal your conviction and your sentence.

21          If you're unable to pay for the cost of an appeal, you

22   may apply for leave to appeal in forma pauperis.  The notice of

23   appeal must be filed within 14 days of the judgment of

24   conviction.

25          All right.  I take it there are no recommendations,

L29PMORS

1    Ms. Weil, you may want me to make to the Bureau of Prisons?

2            MS. WEIL:  Just that they should expedite the

3    processing of this resentencing as quickly as they can.

4            THE COURT:  All right.  Very good.  I'll be happy to

5    do that.  We'll include that.

6            All right.  Anything further from the government?

7            THE DEFENDANT:  Excuse me.

8            MR. HARTMAN:  Nothing from the government.  Thank you.

9            THE DEFENDANT:  Excuse me, your Honor.  I would like

10   to ask you, how will be the correctional facility would know

11   that I will not have this detainer no more on me?

12           THE COURT:  Ms. Weil, can you help me with that?

13           MR. HARTMAN:  Judge, I can.

14           MS. WEIL:  Mr. Hartman will make sure that this

15   information gets to the people who need to know, and then

16   Mr. Morales should be released very quickly.

17           THE COURT:  All right.

18           MR. HARTMAN:  Yes, your Honor.  I can speak to that.

19   My understanding is that once the Court enters judgment in this

20   case, and as soon as I get the judgment, I can transmit that to

21   the New York State Department of Corrections, and that will

22   cause them to lift their detainer.  And then once that happens,

23   then the Bureau of Prisons can act as it feels appropriate with

24   respect to Mr. Morales' custody status.

25           THE COURT:  Very good.  And Mr. Smallman also tells me

L29PMORS

1    that he will be e-mailing the marshals, as he does with every

2    judgment, once I have signed it and that will help speed things

3    along.  And Mr. Smallman will copy the government on that to

4    make it easier; so Mr. Hartman immediately has it in hand.  And

5    I'll ask him to copy it, of course, to Ms. Weil as well.

6              MR. HARTMAN:  That would be great.  Thank you, your

7    Honor.

8              MS. WEIL:  Thank you, your Honor.

9              THE COURT:  All right.  Very good.  Okay.  Anything

10   further from any counsel?

11             MR. HARTMAN:  Nothing for us, Judge.  Thank you.

12             THE COURT:  Ms. Weil, nothing from you?

13             MS. WEIL:  Actually, I have a quick housekeeping

14   question, your Honor.  And that is, if it's okay to put the

15   time for this call in under Mr. Epstein's name?

16             THE COURT:  Yes, of course.

17             MS. WEIL:  Okay.  Great.  So that makes everything

18   easier.

19             THE COURT:  Of course.  And please send my best wishes

20   to Mr. Epstein.

21             MS. WEIL:  I will.  Thank you very much.

22             THE COURT:  Thank you all.

23             THE DEFENDANT:  Excuse me?  Something happen to

24   Mr. Epstein that I don't know?

25             THE COURT:  All right.  Ms. Weil --

L29PMORS

1          MS. WEIL:  He's not that well right now; so he

2     couldn't make the call.

3          THE DEFENDANT:  Okay.  So just my wishes too for him

4     too.

5          MS. WEIL:  Thank you, Mr. Morales.  I will do that.

6          THE COURT:  Thank you, Ms. Weil.  Thank you, all.  We

7     stand adjourned.

8          (Adjourned)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25